Filed 10/31/13  P. v. Cruz CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> CHRISTOPHER JESUS CRUZ, <br><br> Defendant and Appellant. | F065628 <br><br> (Super. Ct. Nos. F11907193 & F11501645) <br><br> **OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  John N. Gallagher, Jr., Judge.  (Retired Judge of the Fresno Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Levy, Acting P.J., Cornell, J. and Franson, J.

**INTRODUCTION**

On June 12, 2012, appellant, Christopher Jesus Cruz, entered into a plea agreement and executed a felony advisement, waiver of rights, and plea form in each case setting forth the terms of the plea agreement and waiving his constitutional rights in the plea form pursuant to *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122. The trial court advised appellant of the consequences of his change of plea. The parties stipulated to a factual basis for appellant's change of plea based on police and investigative reports. Under the terms of the plea agreement, appellant would receive a stipulated sentence of nine years in prison and in both cases multiple felony and misdemeanor counts would be dismissed.

In case No. F11501645, appellant pled no contest to one count of felony second degree robbery (Pen. Code, § 211, count 1).[1] Appellant admitted a prior serious felony conviction within the meaning of the three strikes law (§§ 667, subds. (b)-(i) & 1170.12, subds. (a)-(d)) and a prior prison term enhancement.[2]

In case No. F11907193, appellant pled no contest to felony counts of identity theft (§ 530.5, subd. (a), count 1), taking a vehicle (Veh. Code, § 10851, subd. (a), count 2), evasion of pursuing officers (Veh. Code, § 2800.2, subd. (a), count 4), possession of cocaine for sale (Health & Saf. Code, § 11351, count 21), and a prior serious felony conviction within the meaning of the three strikes law.[3]

---

[1]     Unless otherwise designated, all statutory references are to the Penal Code.

[2]     There was no preliminary hearing. A formal probation report was waived by appellant. The police reports were not included in the record. According to the criminal complaint in case No. F11501645, appellant robbed Sean Thoeny on November 23, 2011.

[3]     Count 1 of the criminal complaint in case No. F11907193 alleged that on November 24, 2011, appellant obtained personal identifying information from Marc McWilliams without consent. Count 2 alleged that on November 6, 2011, through November 24, 2011, appellant drove or took the vehicle of Ernest M. and Budget Car Rental without permission. Count 4 alleged that on November 24, 2011, appellant

2

Appellant waived preparation of a formal probation report and agreed to immediate sentencing. In case No. F11501645, the trial court sentenced appellant to the midterm of two years, doubled to four years pursuant to the three strikes law. The court added a consecutive term of one year for the prior prison term enhancement. In case No. F11907193, the court sentenced appellant to prison on count 2 for a consecutive term of one-third the midterm of one year, doubled to two years pursuant to the three strikes law. The court imposed concurrent sentences on counts 1 and 4. On count 21, the court imposed a consecutive term of one-third the midterm of one year, doubled to two years pursuant to the three strikes law. Appellant's total prison sentence was the stipulated term of nine years. The court granted custody credits of 180 days and conduct credits of 27 days, for total custody credits of 207 days. The court imposed restitution fines in both cases as well as a lab fee.

Appellant did not obtain a certificate of probable cause. Appellate counsel has filed a brief seeking independent review of the case by this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

**APPELLATE COURT REVIEW**

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*Wende*, *supra*, 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on November 29, 2012, we invited appellant to submit additional briefing. To date, he has not done so.

---

evaded police officers who were pursuing him in a marked police vehicle that had deployed its red lamp and siren. Count 21 alleged that on January 17, 2009, appellant transported cocaine for sale.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.